UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JONATHAN MORRIS,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>CHAD WOLF, ACTING SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　　Defendant. | No. CV 20-01174-MWF-RAO<br><br>PROTECTIVE ORDER PERTAINING TO SENSITIVE SECURITY INFORMATION (SSI)<br><br>Honorable Rozella A. Oliver<br>United States Magistrate Judge |

　　　For the purpose of protecting the privacy of the United States Department of Homeland Security's employees and applicants against the unreasonable and unprotected disclosure of information pertaining to them and in accordance with the provisions and objectives of the Privacy Act of 1974, 5 U.S.C. § 552a (1976), it is hereby ORDERED pursuant to 5 U.S.C. § 552a(b)(11) and Rule 26(c) of the Federal Rules of Civil Procedure:

1

1. The Privacy Act of 1974 protects "any item, collection, or grouping of information about an individual that is maintained by an agency." 5 U.S.C. § 552a(a)(4).

2. The right of access to discovery materials marked as covered by the Privacy Act or containing information covered by the Privacy Act shall be limited to the Court and its employees, Plaintiff, counsel for the parties, and paralegal, secretarial, and clerical personnel in their employ. Court reporters retained by the parties for purposes of recording depositions and those who have signed a TSA-approved Non-Disclosure Agreement may also have access to this information.

3. Discovery Material encompassed in this Protective Order includes, without limitation, deposition testimony, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, documents produced pursuant to compulsory process or voluntarily in lieu of process, and any other documents or information produced or given to one party by another party or by a third party in connection with discovery in this matter. Information taken from Discovery Material that reveals its substance shall also be considered Discovery Material.

4. All documents subject to this Protective Order shall be marked as follows: "Confidential: Subject to Privacy Act Protective Order in Morris. v. Chad Wolf, CV 20-01174-MWF-RAO."

5. Documents that are marked as subject to the Privacy Act or, though not marked, contain information protected by the Privacy Act, shall be treated as confidential and shall not be published or made available to the general public in any form (whether in paper or electronic form), but instead shall be filed under seal. Material filed under seal will be available only to the persons enumerated in paragraph two.

6. Plaintiff and Plaintiff's counsel may use documents protected by the Privacy Act disclosed to them in the course of litigation the above-captioned action ("Litigation") only for the purposes of plaintiff in the Litigation and not any other purpose. Documents protected by the Privacy Act may not be further disseminated except as described above, including to a jury, except with written permission from TSA.

2

7. All documents subject to this Protective Order in the possession of Plaintiff or Plaintiff's counsel shall be returned to TSA within 60 days of termination of this litigation, including any appellate proceedings, or shall be certified in writing to TSA to have been destroyed by Plaintiff or Plaintiff's counsel.

8. Nothing in this Protective Order shall preclude any disclosure of documents subject to this Order to any Judge, Magistrate, or employee of the Court for purposes of this action.

9. This Protective Order is without prejudice to the rights of any party to make any objection to discovery or use of information protected by the Privacy Act, or documents that may contain information protected by the Privacy Act, permitted by the Federal Rules of Civil Procedure, or any statute, regulation, or other authority.

**GOOD CAUSE STATEMENT**

Good cause exists for the entry of this protective order, because unprotected disclosure of non-party employee disciplinary histories, personnel actions, and other personal information would be an undue burden on Defendant and could result in unnecessary harm to these employees, including embarrassment and invasion of their privacy. See Fed. R. Civ. P. 26(c)(1).

Dated this 24th day of August, 2020.

Honorable Rozella A. Oliver
UNITED STATES MAGISTRATE JUDGE

3